## Philadelphia, Wilmington, & Baltimore R. Co., Plff. in Err., *v.* Michael Hahn.

A railroad company that contracts for the moving of its cars by horse power over its own track from one of its depots to the various consignees is liable for injuries caused by the negligence of the contractor.

Note.—There are exceptions to the rule that the employer is not liable for the negligence of the independent contractor. If, as in this case, the duty is one imposed by charter, the liability continues. Lancaster Ave. Improv. Co. v. Rhoads, 116 Pa. 377, 2 Am. St. Rep. 608, 9 Atl. 852; Marsh v. Philadelphia, 8 Pa. Dist. R. 340, Reversed on other grounds in 195 Pa. 130, 45 Atl. 1094. See also editorial note to Hawver v. Whalen, 14 L. R. A. 828, presenting the authorities relating to exceptions to the rule exempting an employer from liability for the acts of an independent contractor.

The liability of the railroad company in the above case is none the less because the contractor employed the horses and men, and exercised an independent control over them.

The charter of a railroad company provided that on completion of the road it should be a public highway, that the company could collect tolls for persons and property carried, with a clause of forfeiture if any owner or driver of any car, carriage, wagon or conveyance upon the said railroad, should refuse payment of the said tolls. The railroad company contracted with a third party to take cars along its tracks by horse power from the depot to the consignees, and return them when emptied. Except in this and similar contracts the company controlled the transportation over its road. *Held,* the company was liable for negligence of the said contractor.

(Argued January 16, 1888. Decided February 6, 1888.)

January Term, 1887, No. 412, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to Common Pleas No. 2 of Philadelphia County to review a judgment entered in a verdict for the plaintiff in an action on the case. Affirmed.

The plaintiff, Michael Hahn, brought this action against the Philadelphia, Wilmington, & Baltimore Railroad Company to recover damages for injuries alleged to have been occasioned by the negligence of the defendants.

The defendant had a station on Washington avenue, near Broad street, in the city of Philadelphia, whence its railroad tracks continued easterly along said avenue to the Delaware river, with various sidings into various premises along said avenue. One of these sidings was into the coal yard of Branson & Brother, on south side of Washington avenue, between Eleventh and Twelfth streets. November 16, 1883, there were a number of cars standing on the south main track of Washington avenue, extending from a point west of Branson's easterly to Eleventh street, with an opening of about 35 feet between the cars opposite Branson's, which opening had been there several hours. The approach to Twelfth street from Branson's, on the south side of Washington avenue, was blocked by cars on the various sidings. Michael Hahn, who was in the employ of the Bransons, was sent with a load of coal from Branson's, to be taken to Sixteenth and Wharton streets, and to reach Twelfth street (on which street there is a horse railway, with the right of way to Sixteenth and Wharton streets) attempted to cross

Washington avenue through said opening when his cart was struck by approaching cars and he was thrown therefrom and injured.

The cars were drawn by nine mules and one horse; and plaintiff introduced evidence tending to prove that before he attempted to drive his cart through the opening he looked towards the cars a number of times and could not see that any mules were attached to said cars. There was also evidence that his view of the mules was obstructed by a box car and that the cars were started suddenly and without warning.

The defendant proved that the shifting of the cars was under the control of one Lafferty, with whom the company had verbally contracted for moving the cars of the company from its depot, and for delivering them to the respective consignees and returning the cars empty to the depot; and it claimed that Lafferty was an independent contractor and not its servant or agent, and that it was not liable for the negligence of the said contractor or his employees.

It was admitted that the transportation over this road had been for years exclusively under the control of the defendant company, except as deputed in part to others as in this case.

The defendant put its charter in evidence, a part of which is as follows:

"Sec. 15. That on the completion of the said railroad, the same shall be deemed a public highway for the conveyance of passengers and transportation of merchandise and commodities under such regulations as shall be prescribed by the directors; and it shall and may be lawful for the said company to demand and receive such sums of money for tolls of persons and property as they shall from time to time think reasonable; Provided, That the toll on any species of property shall not exceed 8 cents per ton per mile, nor upon passengers more than 4 cents each per mile.

"Sec. 16. That if any owner or driver of any car, carriage, wagon, or conveyance upon the said railroad shall pass by any place appointed for receiving tolls without making thereof . . . shall forfeit," etc.

The defendant company requested the court to charge:

"Under the charter of the defendant company, it has the legal right to depute the hauling of cars at its terminal, and if the

injury was caused by its contractor or his employees, the verdict should be for the railroad defendant." Refused. [1]

"The defendant company had a legal right to make a contract with Lafferty for the drawing of cars; and such contract relieved it from all responsibility for the acts of the said Lafferty or his employees; and the verdict in this case, under the evidence, should be for the railroad company defendant." Refused. [2]

"Under the evidence in this case Lafferty was an independent contractor, and the railroad company is not responsible for his acts or the acts of those he employs; and your verdict must be for the railroad company defendant." Refused. [3]

"As the evidence in this case shows that the persons having charge of the cars from which the injury happened were exclusively under the control of Lafferty and not under the control of the railroad company, there can be no recovery in this case, and your verdict must be for the defendant railroad company." Refused. [4]

Verdict and judgment for the plaintiff, for $2,500.

The assignments of error specified the refusal of the court to charge as above requested.

*Gavin W. Hart* and *David W. Sellers,* for plaintiff in error. —It is clear from the terms of the company's charter that it was originally intended that the transportation would be done by third parties, and the corporation only collect the tolls. This charter has never been changed. The charter certainly contemplates that drivers of cars may be lawfully on the railroad pulling cars. The company, therefore, had a right to contract with third parties to haul cars in and out of its yards. Edmundson v. Pittsburgh, M. & Y. R. Co. 111 Pa. 316, 2 Atl. 404.

It has never been doubted that a private corporation may make a contract to aid it in the performance of its corporate duties, and the contractor while doing the work is alone liable to third parties for negligence. Pennsylvania & O. Canal Co. **v.** Graham, 63 Pa. 290, 3 Am. Rep. 549.

Public corporations may so contract. Painter v. Pittsburgh, 46 Pa. 213; Erie v. Caulkins, 85 Pa. 247, 27 Am. Rep. 642.

*I. Tyson Morris* and *Charles Chauncey,* for defendant in error.—Granted that the contract set up by the railroad com-

pany was actually made, it was a fraud on the contract of the company with the commonwealth and therefore void. The company cannot so release itself of its responsibilities. Lancaster Ave. Improv. Co. v. Rhoads, 116 Pa. 377, 2 Am. St. Rep. 608, 9 Atl. 852; Allen v. Willard, 57 Pa. 381; Davis v. Lamoille County Pl. Road Co. 27 Vt. 602.

The cases cited by plaintiff in error were recognized and distinguished in Lancaster Ave. Improv. Co. v. Rhoads, 116 Pa. 377, 2 Am. St. Rep. 608, 9 Atl. 852.

The franchise of the company carries with it a duty to retain corporate responsibility. Therefore a contract to pass the control and management of the road to a third party is void. If it does so, it remains responsible. Stewart's Appeal, 56 Pa. 413; Pittsburgh & C. R. Co. v. Bedford & B. R. Co. 81* Pa. 105; Thomas v. West Jersey R. Co. 101 U. S. 71, 25 L. ed. 950; Macon & A. R. Co. v. Mayes, 49 Ga. 355, 15 Am. Rep. 678; Chicago & R. I. R. Co. v. Whipple, 22 Ill. 105; Illinois C. R. Co. v. Finnigan, 21 Ill. 646; Pittsburgh, C. & Y. R. Co. v. Moses, 1 Sad. Rep. 319; Veazie v. Penobscot R. Co. 49 Me. 119; York & M. Line R. Co. v. Winans, 17 How. 31, 15 L. ed. 27; Toledo, P. & W. R. Co. v. Rumbold, 40 Ill. 144; Abbott v. Johnstown, G. & K. Horse R. Co. 80 N. Y. 27, 36 Am. Rep. 572; Washington, A. & G. R. Co. v. Brown, 17 Wall. 445, 21 L. ed. 675; Ohio & M. R. Co. v. Dunbar, 20 Ill. 623, 71 Am. Dec. 291; Langley v. Boston & M. R. Co. 10 Gray, 103; Sandford v. Catawissa, W. & E. R. Co. 24 Pa. 380, 64 Am. Dec. 667; Cumberland Valley R. Co. v. Hughes, 11 Pa. 141, 51 Am. Dec. 513; Oil City & Petroleum Bridge Co. v. Jackson, 114 Pa. 321, 6 Atl. 128.

The English cases are to the same effect. Dalton v. Angus, L. R. 6 App. Cas. 740, 829, 791; Bower v. Peate, L. R. 1 Q. B. Div. 321; Gray v. Pullen, 5 Best & S. 970, 984; Tarry v. Ashton, L. R. 1 Q. B. Div. 314; Hole v. Sittingbourne & S. R. Co. 6 Hurlst. & N. 488.

Railroad companies have been held responsible for the negligence of contractors in West v. St. Louis, V. & T. H. R. Co. 63 Ill. 545; Vermont C. R. Co. v. Baxter, 22 Vt. 365; Lesher v. Wabash Nav. Co. 14 Ill. 85, 56 Am. Dec. 494; Chicago, St. P. & F. R. Co. v. McCarthy, 20 Ill. 385, 71 Am. Dec. 285.

The contract did not make Lafferty an independent contractor.

PER CURIAM:

The doctrine contended for on the part of the plaintiff in error cannot be sustained. It contracted for the operation of a part of its road by horse power, and under this contract asks to be relieved from all responsibility for the negligent acts of its contractor. We cannot agree with a proposition of this kind, for the principle, if established, might be the means of relieving the company from all its charter duties, so far, at least, as concerns the public safety. The mere question of the power by which its cars are to be moved is of no consequence. If it can contract for horse power, so may it for steam; and it follows that it might relieve itself of all responsibility by contract with its engineers and conductors for the running of its locomotives and trains.

It needs no argument to show that a railroad company cannot escape its charter obligations by a quibble such as this.

The judgment is affirmed.